BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

GARTH HIRE (CABN 187330)
Assistant United States Attorney

    1301 Clay Street, Suite 340-S
    Oakland, California 94612
    Telephone:    (510) 637-3723
    Facsimile:    (510) 637-3724
    E-mail:    Garth.Hire@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | No. CR 15-00523 JST |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF HEARING DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIOD PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| MICHAEL MATTHEW MADISON, | |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Northern District of California and Assistant United States Attorney Garth Hire, and defendant Michael Matthew Madison (MADISON), by and through his counsel of record, Assistant Federal Public Defender John Paul Reichmuth, hereby stipulate as follows:

    1.    On December 11, 2015, the parties appeared before the Court for a change of plea hearing pursuant to a plea agreement. The matter was continued for a change of plea hearing to Friday, December 18, 2015, in order for defendant to further consult with counsel regarding the

1


charges in the case and the plea agreement. Defendant and his counsel now request a further continuance to provide additional time for that consultation.

2. Thus, counsel for defendant MADISON represents that additional time is necessary to confer with defendant regarding the charges, the evidence in the case, and the proposed plea agreement. Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The parties agree that the requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the government to obtain available witnesses.

3. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of December 11, 2015, to January 8, 2016, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

4. Defendant's counsel represents that he has fully informed his client of his Speedy Trial rights and that, to his knowledge, his client understands those rights and agrees to waive them. Defendant's counsel further believes that his client's decision to give up the right to be brought to trial earlier than if time were not excluded from the Speedy Trial Act is an informed and voluntary one.

5. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the

future authorize the exclusion of additional time periods from the period within which trial must commence.

      IT IS SO STIPULATED.

Dated: December 16, 2015            BRIAN J. STRETCH  
                                              Acting United States Attorney

                                              /s/  
                                              GARTH HIRE  
                                              Assistant United States Attorney

                                              Attorneys for Plaintiff  
                                              UNITED STATES OF AMERICA

  /s/  *via e-mail authorization*                        12/15/2015  
JOHN PAUL REICHMUTH                                  Date  
Attorney for Defendant  
Michael Matthew Madison

3

**[PROPOSED] ORDER**

The Court has read and considered the Stipulation Regarding Request for (1) Continuance of Hearing Date and (2) Findings of Excludable Time Periods Pursuant to Speedy Trial Act, filed by the parties in this matter.  The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, demonstrates facts that support a continuance in this matter, and provides good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

THEREFORE, FOR GOOD CAUSE SHOWN:

A change of plea hearing in this matter is scheduled for 9:30 a.m. on January 8, 2016.  The change of plea hearing scheduled for Friday, December 18, 2015, is vacated.  The time period of December 11, 2015, to January 8, 2016, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (B)(iv).  Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence.  Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO ORDERED.

December 16, 2015
DATE

HONORABLE JON S. TIGAR
UNITED STATES DISTRICT JUDGE

4